WYMER, APPELLANT, *v.*
CITY OF COLUMBUS ET AL., APPELLEES.

(No. 81AP-203—Decided June 25, 1981.)

*Mr. Paul E. Perry,* for appellant.

*Mr. Michael Miller,* prosecuting attorney, *Mr. Phillip Walther* and *Ms. Joan Grant,* for appellees Franklin County Treasurer et al.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick McGrath* and *Ms. Deborah S. Everson,* for appellee city of Columbus.

McCormac, J. Plaintiff filed a complaint in Franklin County Common Pleas Court against the city of Columbus, Dana Rinehart, Franklin County Treasurer, and Roger W. Tracy, Jr., Franklin County Auditor, alleging that an assessment for sidewalk construction certified to the auditor by the city of Columbus was being unlawfully assessed and collected. Plaintiff sought a declaratory judgment declaring that the liens purportedly created by Columbus City Ordinance Nos. 534-73 and 570-74 had expired or were void, as well as an injunction against the auditor and treasurer from charging and collecting the assessments and a refund from the city of Columbus for assessments already collected.

The city of Columbus moved to dismiss the complaint against it on the grounds that it failed to state a claim for which relief could be granted. The trial court sustained the motion to dismiss the city of Columbus from the case on the basis that a municipal corporation cannot correct even an illegal special assessment for municipal improvements, which can be done only by the county auditor, and that only the county treasurer can collect assessments. Judgment was rendered, dismissing the city of Columbus as a defendant, and the judgment provided that there was no just reason for delay which made the judgment entry appealable on the date of its filing of August 21, 1979.

The facts were stipulated and the case was tried to the court regarding the issue of whether the county auditor could continue to assess and the county treasurer could continue to collect the taxes, the merits of which issue were whether the city of Columbus had properly certified the assessments to the auditor and treasurer. The trial court ruled that the assessment for improvements of plaintiff's property was correctly and timely placed upon the tax duplicate for collection and granted judgment to defendants.

Plaintiff has appealed, asserting the following assignments of error:

1. "The Court below erred in finding that an enactment of an amended assessing ordinance substantially the same as an original assessing ordinance extends the two year time limitation within which the City of Columbus has to certify an assessment to the County Auditor for collection."

2. "The Court below erred in finding that the City of Columbus is entitled to collect an assessment where no notice was given to the owner of the subject real estate."

The city of Columbus has moved to dismiss it as a party to the appeal for failure of plaintiff to file a timely notice of appeal against it. Additionally, the city of Columbus seeks to preclude plaintiff from raising issues in his appeal which may relate to the city of Columbus.

The city of Columbus is not a party to the appeal. Final judgment was rendered in favor of the city of Columbus on August 21, 1979, dismissing it on the basis that a claim for relief had not been asserted against it. That judgment was not appealed, nor is there any attempt to appeal that judgment in this action. However, the action was retained by the trial court to see if an injunction was available against the auditor and treasurer from assessing and collecting further amounts due as a result of the Co-

lumbus City Ordinance certified to them. The trial court held, in dismissing the city of Columbus as a defendant, that the city was not a proper party to this determination. In urging its dismissal, the city asserted that once its ordinance was certified to the county auditor it could not correct its action and was not a proper party to the action. The action was retained against the auditor and treasurer, with the primary issue being whether the Columbus City Ordinance making assessments against plaintiff for sidewalk construction was timely submitted to the auditor and treasurer for assessment and collection.

The auditor and treasurer take no position as to whether the Columbus City Ordinance was properly passed and certified to them for assessment and collection. They state that this is a matter for the city of Columbus to resist as it does not affect them, and that a prospective injunction restraining them from assessing or collecting further sidewalk assessments against plaintiff will not burden them.

The city of Columbus has elected not to file an appellee's brief, either on behalf of the auditor or treasurer or otherwise; hence, this court has no brief supporting the merits of the trial court judgment.

The trial court judgment merely conclusively states that the Columbus City Ordinances were properly certified for collection, but gives no reason therefor.

The case was tried to the court based on the following stipulation of facts:

"1. On April 7, 1972, Plaintiff and Ralph W. Wymer purchased a parcel of real estate known as 838 Bryden Road, Columbus, Ohio (Auditor's Parcel No. 010-28806), from Kalman Renov. At that time a sidewalk existed on the property. They had no knowledge of the City of Columbus having installed this sidewalk.

"2. On April 16, 1973, the Columbus City Council passed Ordinance No. 534-73 levying a special assessment for the construction costs of this and other

sidewalks. On April 8, 1974, an amendment to said Ordinance was passed with no substantial change (No. 540-74). Copies of both assessing ordinances are attached hereto, marked Exhibits A and B and incorporated herein.

"3. On August 7, 1975, the City certified the special assessment to the County Auditor (Auditor No. SD-50306). A copy of the transmittal letter is attached hereto, marked Exhibit C and incorporated herein.

"4. The amount of the assessment is $1,107.28, plus interest in the amount of $374.87, for a total of $1,482.15. The balance still due and payable is $1,104.16, plus penalties accrued since May 7, 1979.

"5. Plaintiff is successor in interest to the above mentioned Ralph W. Wymer.

"6. On or about May 1, 1976, plaintiff completed the purchase of a parcel of real estate known as 1050 Bryden Road, Columbus, Ohio (Auditor's Parcel No. 010-22186). At that time, a sidewalk existed on the property. Plaintiff had no knowledge of the City of Columbus having installed this sidewalk.

"7. The assessing ordinances referred to in paragraph 2 above also levied a special assessment for the construction costs of this sidewalk. The certification of the assessment referred to in paragraph 3 above also contained this assessment.

"8. The amount of the assessment is $638.37, plus interest in the amount of $216.14, for a total of $854.51. The balance still due and payable is $469.94, plus penalties accrued since May 7, 1979.

"9. At no time did plaintiff receive notice of the assessments set out in paragraph 2."

Plaintiff concedes that Ordinance No. 534-73, which was passed on April 16, 1973, was a validly enacted assessing ordinance. An amendment to that ordinance was passed on April 8, 1974, with the only changes being a deletion of some of the names on the original ordinance. No changes were made in the assessments

against the two parcels of real estate which are subjects of this action.

It was not until August 7, 1975, more than two years after the original ordinance of April 16, 1973 was passed, that the city of Columbus certified the special assessment to the County Auditor. The assessing ordinance certified to the auditor was the amended ordinance of April 8, 1974.

R.C. 727.34 provides that the lien of an assessment or any installment thereof shall continue for two years from the date of the passage of a municipal ordinance under R.C. 727.25 (which authorizes the legislative authority of a municipal corporation to make assessments upon lots and lands) and no longer unless the municipal corporation before the expiration of two years causes it to be certified to the county auditor for entry upon the tax lists for collection or causes a proper action to be commenced to enforce the lien against such lots or lands. No such action has been filed.

Columbus City Charter Section 179 provides for collection of assessments in a manner provided by general law. Thus, the assessments for sidewalk construction levied against plaintiff's property on April 16, 1973 had to be certified to the auditor for entry upon the tax lists for collection by April 16, 1975 to be enforceable unless the amended ordinance of April 8, 1974, which made no changes in the assessments so far as plaintiff was concerned, started the running of a new two-year period.

There was no reinstatement of the two-year time period by the amended ordinance. The special assessment for construction costs of the sidewalk was passed on April 16, 1973; no new or changed assessments were enacted against plaintiff in the amended ordinance. R.C. 1.58(A) provides that the reenactment, amendment or repeal of a statute does not "[a]ffect any validation, cure, right, privilege, obligation, or liability pre-viously acquired, accrued, accorded, or incurred," under the prior operation of the statute. R.C. 1.58(A)(2).

Since the city of Columbus failed to certify the special assessment to the county auditor within two years after passing an ordinance levying the assessment on the property of plaintiff, assessments and collections may not be enforced as they had expired prior to the certification to the auditor.

Plaintiff's first assignment of error is sustained.

We need not consider the effect of the failure to list the proper owner of the property or to give notice to plaintiff of the assessment as that issue is moot.

Plaintiff's second assignment of error is overruled.

Plaintiff seeks and is entitled to only a prospective injunction against the auditor from assessing further amounts against the property of plaintiff in regard to ordinances Nos. 534-73 and 540-74 and against the treasurer for collecting further assessments made by those ordinances.

Plaintiff's first assignment of error is sustained. Plaintiff's second assignment of error is overruled. The judgment of the trial court is reversed. The case is remanded to the trial court to enter a permanent injunction against the Franklin County Auditor from making further assessments against the property of plaintiff in regard to Ordinance No. 534-73 and No. 540-74, and against the Franklin County Treasurer from collecting further assessments as a result of the certification of those ordinances. The injunction is to be prospective only and will not affect past assessments or collections.

*Judgment reversed*
*and case remanded.*

STRAUSBAUGH, P.J., and MOYER, J., concur.